(No. 3151—

VICTOR WEIDNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 20, 1938.*

HARRIS & JAFFE and IRVING PROCTOR, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Prior to and on December 11, 1936, claimant was in the employ of the respondent as a laborer in the Division of Highways, Department of Public Works and Buildings. On the date aforementioned, he was working with a tarring crew on Harlem Avenue just north of Higgins Road in Cook County. While hooking the asphalt heating kettle onto the truck, claimant's foot slipped on the ice, the kettle tipped, and the hot asphalt spilled on him as he fell to the ground, whereby he received second degree burns about the left eye, left nostril, left ear, left side of face, neck and right wrist.

He was taken to St. Francis Hospital in Evanston where he remained until December 17th, 1936 when he returned to his home.

He was temporarily totally disabled from December 11th, 1936 until February 18th, 1937.

Respondent paid bills for medical services in the amount of Eighty-nine Dollars ($89.00), and hospital bills in the amount of Twenty-six Dollars ($26.00), and in addition thereto, paid the claimant the sum of One Hundred Fifteen Dollars and Twenty Cents ($115.20) for temporary total disability.

No further claim is made for temporary total disability, but claimant asks for compensation for serious and permanent disfigurement to his hand, head, neck and face, pursuant to the provisions of paragraph A, Section 8 of the Workmen's Compensation Act of this State.

Claimant was personally present in court and submitted to a physical examination.

Claimant was in the employ of the respondent for less than a year, and his annual earnings computed in accordance with Section 10 of the Workmen's Compensation Act, were Eight Hundred Dollars ($800.00), and his average weekly wage was Fifteen Dollars and Thirty-eight Cents ($15.38). He had two children under the age of sixteen years at the time of the accident.

From the evidence in the record and a personal examination of claimant, we find that although there is a slight discoloration on claimant's right wrist, it does not constitute a serious disfigurement within the meaning of the Compensation Act. We further find that claimant has sustained a serious and permanent disfigurement to the face and neck, and in accordance with the provisions of Section 8-C of the Workmen's Compensation Act, is entitled to compensation in the sum of Two Hundred Sixteen Dollars ($216.00), payable at the rate of Twelve Dollars ($12.00) per week, commencing February 18th, 1937.

The entire amount of such compensation having accrued at this time, award is entered in favor of the claimant for the sum of Two Hundred Sixteen Dollars ($216.00).

This award being subject to the provisions of an Act entitled, ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved July 3d, 1937 (Session Laws 1937, p. 83), and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.